ROAD IMPROVEMENT DISTRICT No. 2 *v.* SHIFFLETT.

Opinion delivered July 6, 1925.

HIGHWAYS—IMPROVEMENT DISTRICT—VOTE OF ELECTORS.—Act No. 5 of Ex. Session 1923, § 25, prohibiting road improvement districts from making improvements unless authorized by the majority vote of the landowners in number and value, *held* applicable to the improvements authorized by Sp. Acts 1923, Nos. 248, 311, authorizing Road Improvement District No. 2 of Lonoke County to improve five laterals to the main road which had been completed, as such lateral roads must be treated as new projects, and not within the exemption in act No. 5, *supra.*

Appeal from Lonoke Chancery Court; *John E. Martineau,* Chancellor; affirmed.

·*Chas. A. Walls,* for appellant.
*Gray & Morris,* for appellee.
*Rose, Hemingway, Cantrell & Loughborough,* amici
curiae.

McCULLOCH, C. J.    Road Improvement District No.
3 of Lonoke County was created by special act of the
General Assembly of 1913 (Act No. 212) for the purpose
of improving certain roads considered to be a unit of
the improvement; and pursuant to the organization the
board of commissioners laid out the system of roads
contemplated in the statute and improved the same and
borrowed the sum of $120,000, for which serial bonds
were issued.    The improvement was completed, and
nothing remained to be done but to collect the taxes and
pay off the bonds.

The General Assembly at the regular session of 1923
enacted two special statutes authorizing Road Improve-
ment District No. 2 of Lonoke County to improve five
laterals annexed to the main road.    There was a legis-
lative finding that the roads originally improved,
together with the laterals annexed by the statute, would
constitute a single unit of improvement.    Neither of
those statutes contained any provision for submitting the
project to a vote of the property owners.    Nothing has
been done under that statute towards constructing the
improvement except to employ an engineer to make plans,
and it was ascertained that the cost of the improvement
would be $124,620.55, which is in excess of the cost of
the original improvement.    The board of commissioners
are about to proceed with the improvement and with the
issuance of bonds and re-assessment of benefits for the
purpose of raising additional funds to pay for the
improvement, and appellee, who is an owner of real
property in the district, instituted this action against
the board of commissioners to restrain the latter from
proceeding with the improvement without first holding
an election for the purpose of ascertaining the will of
the majority of the owners of property, as provided in
§ 25 of the general statute enacted at the extraordinary

session of 1923. Section 25 of the general statute just referred to reads, in part, as follows:

"The commissioners or directors of any road improvement districts created by special acts of the Legislature enacted since the session of the General Assembly in the year 1915, except St. Francis River Road Improvement District of Poinsett County, Arkansas, and St. Francis River and Bridge Road Improvement District, Poinsett County, Arkansas, that have not, at the time of the passage of this act, let any construction contracts, actually done construction work, or issued, sold or delivered to the purchaser thereof any bonds of the district, shall not proceed with the construction of the improvements under their charge, and shall not issue any bonds to secure funds therefor, unless a majority in number and in value of the landowners in fee simple in such district, voting at the election provided for in this act, shall express by their ballots a desire that the construction of such improvements be proceeded with. (Here follow provisions for giving notice and holding the election.) This section of this act shall not apply to improvement districts where the act creating the improvement district or amendments to it provides for petitions of any majority of property owners, or an election to ascertain their will, or to those districts where actual construction work has been begun or contracts therefor have been made, or bonds sold and delivered and are outstanding, before the passage of this act."

The chancery court granted the relief prayed for by appellee and entered a decree accordingly, from which an appeal has been prosecuted to this court.

The sole question in the case is whether or not the new improvement authorized by the special statutes of 1923 comes within the exemption of the general statute enacted at the extraordinary session so as to permit the new improvement to be done without obtaining the consent of the majority of the owners of property in the dis-

trict. The argument of counsel for appellant is that the general statute has no application because Road Improvement District No. 2 of Lonoke County was not created by a special act since the legislative session of 1915, and that the district falls within the exemption specified in the general statute for the reason that "actual construction work has been begun or contracts therefor have been made, or bonds sold and delivered and are outstanding before the passage of this act." It is literally true that Road Improvement District No. 2 of Lonoke County was not created since the year 1915, but we think it would be too strained a construction of the statute to hold that it had no application to that district, which was, in fact, originally created by statute prior to the year 1915, but which had entirely completed the improvement then authorized to be constructed. The lawmakers could, in the original statute creating the district, have included the laterals now under consideration as a single unit of improvement, and the Legislature had the power subsequently, even after the completion of the original improvement, to add to the unit by annexing the laterals. But, interpreting the general statute of 1923, *supra,* and giving it the meaning which its framers obviously intended, the annexation of those laterals after the completion of the original improvement must be treated as a new project and in effect the creation of a new district, so far as concerned the application of the requirement to submit the project to a vote of the landowners. The same may be said with reference to the exemption in regard to actual construction work and the issuance of bonds. The plain purpose of the framers of the statute was to exempt from its operation incomplete districts, but the very purpose of the statute would be defeated if the addition of new improvements to a district which had completed its work would escape the effect of the general statute requiring a submission to the property owners. The new improvement was entirely separate, so far as actual construction is concerned, and

there had not been, at the time of the enactment of the general statute referred to above, any act of construction work done or contract therefor or any bonds sold or delivered to cover the new improvement.

Our conclusion in this case is not at variance with the decision in the case of *Massey* v. *Arkansas & Missouri Highway District,* 163 Ark. 63. In that case the original improvement had been partly constructed and bonds issued and the money spent, and a new statute was enacted changing the route of the road. The original improvement was incomplete. We held in that case that the general statute of the session of 1923 had no application, but in that case the road was, as before stated, incomplete, and there were outstanding bonds of the district. In that case the facts did not come either within the letter or spirit of the statute, but in this case we think that the statute, fairly interpreted, covers the additional improvement sought to be annexed. We think that the statute applies, and that the commissioners of the district have no authority to proceed until an election has been held in accordance with the provisions of the general statute, *supra*.

Decree affirmed.